## FARRELL, Admrx v COLLIER

Ohio Appeals, 5th Dist, Stark Co

No 1333. Decided Feb 18, 1933

Anderson & Lamb, Youngstown, for plaintiff in error.

H. H. Emmons, Canton, for defendant in error.

heretofore referred to was introduced in evidence by stipulation. On page 81 of the record the evidence clearly shows that the decedent had stopped his automobile opposite the Bel-Bow Restaurant, which was between two cross-walks, and that the decedent got out of his car and jay-walked across the street; that is, between the two cross-walks, as shown on page 79.

Whether the violation of the city ordinance of the City of Canton, Ohio, which was passed in the proper exercise of police power, in the interest of public safety and so forth, is negligence per se, we are not called upon to decide, for the reason that the record before us clearly shows the decedent to be guilty of contributory negligence. **94 Oh St, 93.**

· We therefore find and hold that the trial judge was justified in directing a verdict in favor of the defendant and that no prejudicial error was committed by the court in sustaining the motion for a directed verdict. Judgment affirmed. Exceptions may be noted.

LEMERT, J.

The petition in error was filed, setting forth three grounds: First, the court erred in granting a motion of the defendant in error for a directed verdict in his favor. Second, the judgment of the court is contrary to law. Third, for further errors manifest from the face of the record and prejudicial to the rights of this plaintiff in error.

The record in this case is not lengthy and we have carefully read the same, and our conclusions are: First, that there is no evidence in the record showing that the minor; that is, the driver of defendant's car, was an incompetent driver. On the contrary, the record shows on pages 3 and 7 that he had driven a car for some two years before the time of the accident. It is to be noted, also, that there is a failure of proof on the part of the plaintiff below that the defendant's car struck the decedent, and there is no evidence in the record to identify the driver of the car that struck the decedent, the nearest approach to it being that defendant's car was seen about three or four blocks from the scene of the accident.

The record before us reasonably and fairly shows, as a matter of law, that the decedent was guilty of contributory negligence in violating an ordinance of the City of Canton, Ohio, in jay-walking at the time the accident occurred, and the ordinance

GARVER, PJ, and SHERICK, J, concur.